Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

December 10, 2019

MEMORANDUM TO PARTIES RE:     <u>Antwyn Hayes, Jr. v. Horseshoe Casino Baltimore, et al.</u>
Civil Action No. GLR-18-2823

Dear Parties:

Pending before the Court is Defendants Horseshoe Casino Baltimore[1] and Caesars Entertainment's (collectively, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 10). The Motion is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

Plaintiff Antwyn Hayes, Jr. was a slot attendant at Defendant Horseshoe Casino Baltimore ("Horseshoe").[2] (Am. Compl. at 2, ECF No. 4). Hayes was terminated on September 15, 2015 because $1,000 was missing from his cash pouch. (<u>Id.</u> at 6). On September 11, 2018, Hayes, proceeding pro se, sued Horseshoe for wrongful termination, seeking $100,000 in damages. (ECF No. 1). He filed an Amended Complaint on November 14, 2018. (ECF No. 4). The Amended Complaint added Caesars Entertainment as a Defendant.[3] (Am. Compl. at 3). On May 6, 2019, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 10). Hayes filed an Opposition on May 24, 2019. (ECF No. 12). To date, Defendants have not filed a Reply.

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016) (quoting <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,

---

[1] Defendant Horseshoe Casino Baltimore states that its correct name is "Caesars Baltimore Management Company, LLC." (<u>See</u> Mot. Dismiss Pl.'s Am. Compl. at 1, ECF No. 10). Accordingly, the Court will direct the Clerk to correct the case caption.

[2] Unless otherwise noted, the Court takes the following facts from Hayes' Amended Complaint and accepts them as true. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citations omitted).

[3] In an October 9, 2018 Order, the Court informed Hayes that his Complaint failed to allege facts establishing subject matter jurisdiction and directed him to supplement his Complaint. (<u>See</u> ECF No. 3). In the Amended Complaint, Hayes added Caesars Entertainment, a Nevada company, as a Defendant and alleged diversity of citizenship as the basis for federal jurisdiction. (Am. Compl. at 3–4). The substance of his legal claims remained the same.

678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013). In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

When, as here, the plaintiff is proceeding pro se, the Court will liberally construe the pleadings, which are held to a less stringent standard than pleadings drafted by lawyers. Erickson, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted).

Defendants argue that the Amended Complaint should be dismissed for failure to state a claim because Hayes was an at-will employee who could be terminated at any time and for any reason. They argue that although there are specific exceptions to Maryland's at-will employment doctrine, Hayes has not alleged that his termination falls within the scope of an exception. Defendants also note Hayes' failure to identify a clear public mandate that was violated by his termination. In his Opposition,[4] Hayes does not address the substance of Defendants' argument. Instead, he focuses on the Department of Labor's Division of Unemployment Insurance ("UI") investigation, which concluded that Defendants presented insufficient evidence to establish that Hayes engaged in misconduct.[5] Based upon UI's finding, Hayes argues that he was wrongfully terminated based on insufficient evidence. The Court agrees with Defendants.

---

[4] Hayes misidentifies the Defendants' Motion and the standard of review as one for summary judgment.

[5] UI provides unemployment compensation to workers who were terminated through no fault of their own and who meet specific eligibility requirements. See Information for Unemployment Insurance Applicants (Claimants) - Unemployment Insurance, Maryland Department of Labor, http://www.dllr.state.md.us/employment/uibenefits.shtml (last visited Dec. 10, 2019).

In the State of Maryland, an at-will employee may be terminated for any reason or no reason at all. Terry v. Legato Sys., Inc., 241 F.Supp.2d 566, 569 (D.Md. 2003). However, an at-will employee may bring a tort action for "abusive or wrongful discharge" when his or her termination "contravenes a 'clear mandate of public policy.'" Id. (quoting Adler v. Am. Standard Corp., 432 A.2d 464, 473 (Md. 1981)). Thus, to prevail on a wrongful termination claim, the plaintiff must "specifically identify the clear mandate of Maryland public policy that was violated by his termination." Szaller v. Am. Nat'l Red Cross, 293 F.3d 148, 151 (4th Cir. 2002). A mandate of public policy must be "well-established" enough to give rise to a wrongful termination claim, meaning there "'must be a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior juridical decision, directing, prohibiting, or protecting the conduct in question.'" Id. (quoting Porterfield v. Mascari II, Inc., 788 A.2d 242, 245 (Md. 2002)).

Here, Hayes was an at-will employee, who worked in the State of Maryland. As such, Defendants could terminate him at any time and for any reason. Thus, in order to prevail on a wrongful termination claim, Hayes must allege that his termination contravenes a clear mandate of public policy. Hayes' Amended Complaint is silent on the matter and does not allege any facts to support a finding that his termination was in contravention of a clear mandate of public policy. Furthermore, Hayes' Opposition does not address this specific issue. His failure to respond to the Defendants' argument is grounds for dismissal. See Muhammad v. Maryland, No. ELH-11-3761, 2012 WL 987306, at *3 n.3 (D.Md. Mar. 20, 2012) ("Judges in this district have held that, by failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim.").

To the extent that Hayes is arguing that his Amended Complaint should not be dismissed because UI concluded there was insufficient evidence he engaged in misconduct, the Court rejects that argument. As Defendants correctly note, the United States Court of Appeals for the Fourth Circuit has ruled that a "Maryland unemployment compensation decision [is] not entitled to receive collateral estoppel effect" in a Title VII retaliatory discharge case. Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 357 (4th Cir. 1985). That decision is equally applicable to Hayes' state law claim for wrongful termination. This Court is not precluded from examining the sufficiency of Hayes' Amended Complaint merely because UI ruled in his favor; relatedly, this Court is not bound by that determination. At bottom, Hayes has failed to allege sufficient facts establishing wrongful termination of his at-will employment. Accordingly, the Court will grant the Motion.

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 10) is GRANTED. The Clerk is DIRECTED to change "Horseshoe Casino Baltimore" to "Caesars Baltimore Management Company, LLC" in the case caption.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly, to CLOSE the case, and to mail a copy to Hayes at his address of record.

Very truly yours,

_____/s/_____

George L. Russell, III
United States District Judge